JONATHAN YETMAN AND JULIA ANN YETMAN v. BENJA-MIN DEY.

A complainant in forcible entry and detainer against a man and his wife, is not a competent witness, and is not made so by the subsequent offer and admission of the defendants as witnesses for themselves.

---

This was a *certiorari* in a case of forcible entry and detainer, and was argued before Justices ELMER, BEDLE, and DALRIMPLE, by *A. C. McLean*, for the plaintiffs in this court, and by *W. H. Vredenburgh*, for defendant.

The opinion of the court was delivered by

ELMER, J. This case appears to come precisely within the ruling in the case of *Handlong and wife* v. *Barney*, 1 *Vroom* 69, which was approved in a recent case before the

Court of Appeals. Benjamin Dey, the complainant, in a proceeding for forcible entry and detainer, against Jonathan Yetman and Julia Ann Yetman, his wife, was admitted as a witness in his own behalf, although objected to on the part of the defendants.

The argument of Dey's counsel was, that this case differs from the case of Handlong, because the wife was not sued as such, and was not a necessary party, but was sued because she was jointly guilty of the wrong complained of, so that a verdict and judgment might have been given against both, as was the fact in this case, or against either of them, separately. Admitting this to be correct, as to which no opinion is meant to be intimated, I am not able to perceive any distinction between the cases. The broad rule established in the case referred to, was that our statute did not interfere with the competency of husband and wife, as witnesses for or against each other, and it cannot be doubted that in an action of trespass against a husband or wife separately, or against them jointly, neither is a competent witness.

Nor does the fact that after the plaintiff was admitted and testified, the defendants were both offered and admitted as witnesses in their own behalf, affect the question. They were not admitted upon condition that the previous irregularity should be waived, but on the ground of legal competency. I am aware of no principle which will justify us in holding that an illegal decision on one side was sanctioned by another equally illegal on the other side.

The judgment of the justice must be reversed.